## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff*

| | |
|---|---|
| MARCO ANTONIO CUESTA ASTURILLO | |
| Plaintiff, | DOCKET NO. 21-cv-_____ |
| - vs. – | **COMPLAINT** |
| 3143 BROADWAY CORP. d/b/a BETTOLONA, SANDRO GIUSIANO, SEBASTIANO CAPPITTA, and SCHASTIANO CAPPITTA, | |
| Defendants. | |

Plaintiff Marco Antonio Cuesta Asturillo, by and through his undersigned attorneys, for his complaint against Defendants 3143 BROADWAY CORP. d/b/a BETTOLONA, SANDRO GIUSIANO, SCHASTIANO CAPPITTA, and SEBASTIANO CAPPITTA, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), that he is entitled to unpaid wages from Defendants for work for which he did not receive proper overtime premium pay as required by law.

2.      Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work

for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (iii) compensation for unpaid spread-of-hours wages, (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.      Mr. Marco Antonio Cuesta Asturillo is an adult individual residing in the Bronx, New York.

4.      Defendant 3143 Broadway Corp. is a New York corporation with a principal place of business located at 3143 Broadway, New York, New York 10027.

5.      At all relevant times, Defendant 3143 Broadway Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6.      Upon information and belief, at all relevant times, Defendant 3143 Broadway Corp. has had gross revenues exceeding $500,000.00.

7.      Upon information and belief, at all relevant times herein, Defendant 3143 Broadway Corp. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

8.      Upon information and belief, at all relevant times, Defendant 3143 Broadway Corp. constituted an "enterprise" as defined in the FLSA.

9.      Upon information and belief, Defendant Sandro Giusiano is the owner or part owner and principal of 3143 Broadway Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

10.    Defendant Sandro Giusiano is involved in the day-to-day operations of 3143 Broadway Corp. and plays an active role in managing the business.

11.    Upon information and belief, defendant Schastiano Cappitta is the owner, or part owner and principal of 3143 Broadway Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.    Defendant Schastiano Cappitta is involved in the day-to-day operations of 3143 Broadway Corp. and plays an active role in managing the business.

13.    Upon information and belief, defendant Sebastiano Cappitta is the owner, or part owner and principal of 3143 Broadway Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.    Defendant Sebastiano Cappitta is involved in the day-to-day operations of 3143 Broadway Corp. and plays an active role in managing the business.

15.    Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## FACTS

18.    At all relevant times herein, Defendants owned and operated a restaurant called Bettolona in Manhattan, New York.

19.    Mr. Cuesta Asturillo was employed by Defendants as a bus boy from approximately 2010 until June 2018.

20.    Mr. Cuesta Asturillo's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

21.    At all relevant times herein, Mr. Cuesta Asturillo was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22.    During his employment with Defendants in 2016, Mr. Cuesta Asturillo worked six days per week, from 10:30 a.m. until 12 a.m. midnight, with Tuesdays off.

23.    Mr. Cuesta Asturillo received a one-hour break from 4 p.m. to 5 p.m. on the days that he worked.

24.    Consequently, Mr. Cuesta Asturillo worked 75 hours per week during his employment with Defendants.

25.    Mr. Cuesta Asturillo was paid approximately $600 per week in cash tips during his employment with Defendants.

26.    Defendants failed to pay Plaintiff the required minimum wage in violation the New York Labor Law and the supporting New York State Department of Labor regulations.

27.    Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

28.    Defendants failed to pay Plaintiff an additional hour each day at the applicable minimum wage for each day that he worked a shift exceeding 10 hours

(spread-of-hours compensation).

29.    Defendants' failure to pay Plaintiff the minimum wage, overtime bonus for overtime hours worked, and spread-of-hours compensation, was willful and lacked a good faith basis.

30.    Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

31.    Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

## COUNT I: Fair Labor Standards Act - Overtime

32.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34.    Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

35.    Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

37.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## COUNT II: New York Labor Law – Minimum Wage

38.     Plaintiff realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40.     Defendants willfully violated the rights of the Plaintiff by failing to pay him compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

41.     Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

42.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III: New York Labor Law - Overtime

43.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45.    Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

46.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

47.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law – Spread of Hours

48.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50.    Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

51.    Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and

7

supporting regulations.

52.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V: New York Labor Law – Wage Theft Prevention Act

53.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

56.     Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

57.     Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from June 2016 through the end of his employment, up to the maximum statutory damages.

58.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from June 2016 to the end of his employment, up to the

maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for Defendants' New York Labor Law violations;

h.  Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i.   Back pay;

j.   Punitive damages;

k.   An award of prejudgment and post judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.


Dated:  March 29, 2021                          /s/ *Michael Samuel*
                                                Michael Samuel, Esq. (MS 7997)
                                                The Samuel Law Firm
                                                1441 Broadway – Suite 6085
                                                New York, NY 10018
                                                (212) 563-9884

                                                *Attorneys for Plaintiff*