# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel, Esq. (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs

| | |
|---|---|
| Marco Antonio Cuesta Asturillo,<br><br>　　　　　　　Plaintiffs,<br><br>　- vs. –<br><br>3143 Broadway Corp d/b/a Bettolona, Sandro Giusiano, Sebastiano Cappitta, and Schastiano Cappitta,<br><br>　　　　　　　Defendants. | DOCKET NO. 1:21-cv-02800<br><br>**DECLARATION OF MICHAEL SAMUEL, ESQ. IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

I, Michael Samuel, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I am Michael Samuel, founding partner of The Samuel Law Firm, attorneys for plaintiff Marco Antonio Cuesta Asturillo, and I am fully familiar with the matters set forth herein.

2. I submit this declaration in connection with the plaintiff's Motion for Default Judgment against defendants 3143 Broadway Corp, d/b/a Bettolona, Sandro Giusiano, Sebastiano Cappitta, and Schastiano Cappitta filed contemporaneously herewith.

SUMMONS, COMPLAINT, SERVICE

3. Plaintiff Marco Antonio Cuesta Asturillo commenced this action on April 1, 2021 by filing the summons and complaint with the District Court.

4. The Complaint asserted claims under the Fair Labor Standards Act ("FLSA") for violations of the statutory provisions regarding overtime, as well as parallel claims under New York Labor Law ("NYLL"). It also asserted claims under the NYLL for failure to provide paystubs and wage notices under New York's Wage Theft Prevention Act. The applicable statutes are cited in the complaint and the accompanying memorandum of law. (A copy of the filed complaint is attached as Exhibit A.)

5. The complaint seeks compensatory, liquidated, and statutory damages for these violations, as well as costs, and attorneys' fees.

6. The defendants, 3143 Broadway Corp, d/b/a Bettolona, Sandro Giusiano, Sebastiano Cappitta, and Schastiano Cappitta (hereinafter "the Defendants"), were served with the Summons and Complaint in this matter on April 7, 2021, by serving a true copy of each upon Mr. Carino personally, a person of suitable age and discretion, identified as a co-worker of the named personal defendants, at the corporate defendant's actual place of business within the State of New York. (A copy of the Affidavits of Service, which were filed with the Court on April 28, 2021 are attached as Exhibit B.)

7. The Defendants failed to plead or otherwise answer or respond within the time specified by the Federal Rules of Civil Procedure.

8. On May 5, 2021, the clerk of court entered certificates of default against the Defendants; the defaults are docketed at Docket Entry 20 and a copy is attached hereto as Exhibit C.

## JURISDICTION; ENTITLEMENT TO DEFAULT

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10. Given the failure of the Defendants to timely (or untimely) answer the Complaint, a default judgment should be entered against them. Rule 55(a) of the Fed. R. of Civ. P. provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) provides that the Court may then enter a default judgment; Local Civ. R. 55.2 states that the party seeking the default judgment must submit "(1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

11. The Defendants, having failed to answer, move, or otherwise appear after having been served, are in default.

## DAMAGES

12. Plaintiff Marco Antonio Cuesta Asturillo submits herewith his declaration providing facts regarding his allegations of the defendants' failure to pay the

3

minimum wage, overtime and spread-of-hours compensation, and failure to provide required wage notices. (The plaintiff's declaration is attached as Exhibit D.)

13. In addition, attached as Exhibits E is a spreadsheet showing the calculations explaining the amounts of money owed to Mr. Cuesta Asturillo, totaling $347,626.57.

14. During the period of his employment as a bus boy by the defendants, within the statute of limitations, from approximately April 2015 until June 2018, Mr. Cuesta Asturillo's work schedule was six days per week, from 10:30 a.m. until 12 a.m. midnight, with Tuesdays off. During his employment with Defendants he received a one-hour beak from 4 p.m. to 5 p.m. on the days that he worked.

15. Consequently, Mr. Cuesta Asturillo worked 75 hours per week during each week of his employment with Defendants and was paid approximately $600 per week in cash tips. He did not receive overtime premium pay at any point during his employment.

16. Additionally, defendants owe Mr. Cuesta Asturillo $250 per week, up to the maximum of $5,000, for failure to provide him with the weekly wage statements required by the Wage Theft Prevention Act, and also $50 per day, up to the maximum of $5,000, for failure to provide him with notices upon hiring as required by the Wage Theft Prevention Act.  In this case, Defendants owe Plaintiff the maximum of $5,000 for each of the two Wage Theft Prevention Act violations.

17. In addition to the above damages sustained by the plaintiff, he is entitled by statute to attorneys' fees and costs.

18. I am a founding partner of The Samuel Law Firm. I have practiced law since 1993, have been admitted in the state of New York since 1993, and I have focused my practice almost exclusively on wage-and-hour cases since 2007, serving as counsel of record in more than 250 such cases, including trying several federal wage and hour cases to verdict. In addition, I have served as class counsel in several state wage-and-hour cases. Andrew Beresin is Senior Counsel to the Firm, was admitted in the state of New York in 1992 and has been engaged in litigating more than 50 wage and hour cases during the past two years.

19. My regular hourly rate for matters such as these is $450, and Mr. Beresin's hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

20. Annexed to this certification as Exhibit F are records detailing attorneys' fees and costs incurred by the plaintiff in connection with this matter, through the date this motion was filed. The total amount of these fees incurred in litigating this matter is $ 3,440.00, as follows:

| Attorney | Class | Rate[1] | Billed Hours | Total |
|---|---|---|---|---|
| Michael Samuel | Senior Partner | $450 | 3.2 | $1,400 |
| Andrew Beresin | Senior Counsel | $400 | 5.1 | $2,040 |
| TOTAL | | | | $3,440 |

21. The costs amount to $608.00, consisting of the fees for filing the complaint and service of process. (Attached to this certification as Exhibit G are invoices reflecting the process server's charges of $ 208.00; the Court can take judicial notice that the filing fee is $400.)

22. The total amount of these fees and costs incurred in litigating this matter to date is thus $3,440.00 + $608.00 = $4,048.00. (Plaintiff respectfully reserves the right to submit a supplemental attorney fee request should significant additional expenditures be required, such as for an inquest.)

23. The total amount of the judgment requested at this time, therefore, is $351,674.57.

24. An FRCP 55(b)(2) hearing to determine damages is unnecessary here. FRCP 55(b)(2) provides that a court "may conduct hearings . . . to determine the amount of damages." The Court, in its discretion, need not hold a hearing "as long as it ensure[s] that there [i]s a basis for the damages specified in a default judgment." *Fustok v. Conticommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).

25. Here, Plaintiff's Motion for Default, supporting by its accompanying affidavits of counsel and of Plaintiff himself, provide a sufficient "basis for the damages specified in a default judgment [against the Defaulting Defendants]." *Fustok,* 873 F.2d at 40. In wage and hour cases brought pursuant to both the FLSA and NYLL, a plaintiff can meet his or her evidentiary burden regarding hours and wages by "by relying on recollection alone." *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 327, 335 (S.D.N.Y. 2005). The total amount of damages claimed by Plaintiff ($347,626.57) is the sum of Plaintiff's overtime, spread-of-hours, and

Wage Theft Prevention Act damages, liquidated damages plus pre-judgment interest, each component of which is conclusively established based upon Plaintiff's affidavit confirming his schedule, hours worked and compensation during his period of employment by Defendants. As such, an inquest to "establish the truth" behind Plaintiff's claimed total damages is unnecessary. *See* FRCP 55(b)(2)(C).

26. For the above reasons, the plaintiff respectfully requests that the District Court enter a judgment in the proposed form included herewith; in the alternative, plaintiffs respectfully request that the District Court hold an inquest on damages.

27. I certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 11, 2021 /s/ Michael Samuel
Michael Samuel, Esq